**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                                      ) | |
|          Plaintiff,     ) | |
|                                      ) | |
| vs.     ) | Case No. CR-09-314-M |
|                                      ) | |
| MICHAEL DON LEATHERWOOD,     ) | |
|                                      ) | |
|          Defendant.     ) | |

**ORDER**

Before the Court is defendant's Motion for Clarification or Reconsideration, Motion for Stay of Hearing on Motion to Suppress, and Motion for Leave to File Supplemental Brief, filed November 17, 2009.

On November 13, 2009, this Court entered an order granting in part and denying in part defendant's Motion for Discovery. Specifically, the Court granted defendant's motion as to the contents of the September 7, 2009 e-mail and the notes taken relating to the July 27, 2009 telephone call and as to a general description of who the informants were and/or the relationship between the informants and defendant and denied defendant's motion as to the actual identities of the informants. Defendant now moves this Court to reconsider its ruling and to order the government to disclose to him the identity of the two informants and to permit him to question them as to possible bias, the reliability of the statements they made, and their basis of knowledge of the statements they made to the probation officer and/or Assistant District Attorney.

In his motion, defendant asserts that the identity of the informants is key to determining the credibility and reliability of the information provided by the informants. Defendant further asserts that without any means to test the reliability of the informants, the Court cannot make a fair and

informed determination of whether the informants' statements were sufficient to establish the reasonable suspicion required to justify a warrantless search of defendant's home.

Having carefully reviewed defendant's motion, the Court finds that defendant still has not shown that the actual identities of the informants are relevant and helpful to his defense or that the actual identities of these informants are essential to a balanced measure of the issues and the fair administration of justice. In relation to defendant's motion to suppress, the government will be required to show that the warrantless probation search of defendant's home was supported by reasonable suspicion. Because the informants' statements were a basis of the probation officer's reasonable suspicion, the reliability and credibility of the informants, as well as whether it was reasonable for the probation officer to rely on the informants' statements, will be at issue. The Court, however, finds that the reliability and credibility of the informants, the basis of the informants' knowledge, and whether it was reasonable for the probation officer to rely on the informants' statements can all be determined based upon a general description of who the informants were and/or the relationship between the informants and defendant and through the testimony of the probation officer.[1] Accordingly, the Court finds that the government need not disclose the actual identities of the informants.

In his motion, defendant also requests the Court to stay the hearing on the motion to suppress until the issue of the identity of the informants has been resolved. Because the Court has now resolved this issue, the Court finds that defendant's request to stay the hearing on the motion to suppress is now moot.

---

[1] Through his cross-examination of the probation officer, defendant's counsel will be able to question her regarding her knowledge of the credibility of these informants, any bias the informants might have, the basis of the informants' knowledge, etc.

Finally, in his motion, defendant moves the Court to grant him leave to file a supplemental brief in support of his motion to suppress. The Court denies defendant's request at this time. The Court will address the issue of supplemental briefing at the conclusion of the hearing on the motion to suppress.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Clarification or Reconsideration, Motion for Stay of Hearing on Motion to Suppress, and Motion for Leave to File Supplemental Brief [docket no. 52].

**IT IS SO ORDERED this 19th day of November, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE